WILLIAM M. HARDEN, individually and as administrator of estate of Maurice W. Harden, deceased, appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY, appellee.

No. 50457.

342

Mitchell, Mitchell & Murray, by John J. Murray, of Fort Dodge, for appellant.

Burnquist, Helsell, Burnquist & Kersten, of Fort Dodge, for appellee.

HAYS, J.—This is a law action for damages in a death case arising out of a collision between defendant's train and a car being operated by plaintiff's decedent. The jury found decedent was contributorily negligent and returned a verdict for the defendant. A motion for a new trial based upon misconduct of the jurors was overruled. Upon this appeal the single issue is the ruling upon the motion.

One of the questions pertaining to the question of contributory negligence of the driver of decedent's car was the speed at which he approached the railroad crossing where the collision occurred. There was testimony by a highway patrolman as to the stopping distance of a car being driven at various speeds. There was also testimony as to speed at which a driver could safely negotiate some curves on the road as it approached the crossing.

I. It appears conclusively by affidavit and testimony of the jurors, that one of their members took with him into the jury room two pages from a handbook prepared and circulated

by the Ford Motor Company. The heading is "Average stopping distance on dry level concrete surfaces." It contains a series of pictures listing speed and total stopping distance for each speed listed. There is a substantial difference in the testimony of the patrolman and as set forth in the chart. It is clear that this chart was examined by various jurors and was openly discussed in the presence of all of the jurors.

 Upon the granting of or refusing a new trial, based upon misconduct of jurors, the law is fairly well settled and there is no dispute between the instant parties regarding the same. There rests in the trial court considerable discretion in determining whether the misconduct alleged is of such a status, as to require the granting of a new trial, which will be disturbed only where an abuse of such judicial discretion appears. Bashford v. Slater, 250 Iowa 857, 96 N.W.2d 904; Hamdorf v. Corrie, 251 Iowa 896, 101 N.W.2d 836, and cited authorities.

 The rule as to what may be shown to have taken place among the jurors in a motion for a new trial is set forth in Long v. Gilchrist, 251 Iowa 1294, 1295, 1300, 105 N.W.2d 82, 86, as follows: "That affidavits of jurors *may be received for the purpose of avoiding a verdict,* to show any matter occurring during the trial or in the jury room, *which does not essentially inhere in the verdict itself,* as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or by game of chance or other artifice or improper manner; but that such affidavit to avoid the verdict *may not be received to show any matter which does essentially inhere in the verdict itself,* as that the juror did not assent to the verdict; that he misunderstood the instructions of the court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast."

 In Mongar v. Barnard, 248 Iowa 899, 908, 82 N.W.2d 765, 771, it is said: "In order to justify a new trial on the

basis of misconduct of jurors it must appear the misconduct was calculated to, and it is reasonably probable did, influence the verdict", citing authorities. This appears to be the yardstick used by this court in dealing with misconduct-of-juror cases.

Applying the foregoing rules to the undisputed facts in this case, we are unable to escape the conviction that the presence of this chart and its use in the jury room must be to, and it is reasonably probable that it did, influence the verdict. The issue of decedent's speed was of primary importance. There was direct evidence thereon based upon the stopping of a car traveling at various speeds. The chart portrayed by drawings these various distances in a far more graphic manner than may be had from mere spoken words. It was not in evidence and showed a different distance at a certain speed from that testified to by witnesses. A litigant is entitled to have his case determined upon the evidence presented in open court and regarding which counsel have an opportunity to examine the same. This was not the instant case.

Appellee cites Fagen Elevator v. Pfiester, 244 Iowa 633, 56 N.W.2d 577, as an instance where taking outside books, etc., into the jury room was held no basis for a new trial. The basis for this decision was that the book merely stated the law, which the jurors were presumed to know and was not likely to have influenced the verdict. It is not determinative of the instant case where it was facts, not laws, that were involved. This ground of the motion should have been sustained.

II. It is also uncontradicted in the record that two jurors, during the course of the trial, drove to the scene of the collision and negotiated certain curves in the road. There was testimony of witnesses as to what would be deemed a safe speed on these curves. The jurors found they could drive it three to five miles an hour faster. This matter was discussed by various jurors. While we cannot approve of such practice and trial courts should clearly inform jurors as to such conduct, we are not prepared to say this ground should have been sustained. It deals with mere opinions as to what may be a safe speed, and under the situation cannot so clearly be said to have reasonably

influenced the verdict, as to lead us to say the trial court abused its discretion.—Reversed and remanded.

All JUSTICES concur except BLISS, J., not sitting.